**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LARRY MOTTU GUERRERO, | § | |
| | § | |
| Debtor, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1325 |
| | § | |
| WILLIAM KING SATTERWHITE, | § | |
| | § | |
| Appellant. | § | |

**MEMORANDUM AND OPINION**

This is a consolidated appeal from rulings in an adversary proceeding in the Bankruptcy

Court.   The plaintiff in the adversary proceeding, William King Satterwhite, appealed the

Bankruptcy Court's orders denying his motion to remand to the state court or abstain; dismissing

his state-law causes of action against the debtor, Larry Robert Guerrero; and awarding sanctions

against Satterwhite in the form of the attorney's fees Larry Robert Guerrero incurred in filing a

motion to obtain a dismissal order to implement an agreed order disallowing Satterwhite's claim

against him.    The parties have filed briefs setting out their positions.  (Docket Entries No. 41, 42,

43 and 44).  This court has carefully examined the pleadings, the briefs, the record, and the

applicable law.  Based on that review, the rulings of the Bankruptcy Court are affirmed, and this

appeal is dismissed.  The reasons are explained below.

**I.      Background**

Satterwhite sued Larry Robert Guerrero and another individual, Brandon Cruz, in  Texas

state court in October 2010, alleging that a criminal charge they had pursued against him for trespass

was slanderous, libelous, defamatory, and amounted to malicious prosecution.  Approximately two

years later, Satterwhite filed a second amended petition adding Larry Mottu Guerrero and Grady Smith, a police officer with the City of Wharton Police Department, as defendants. Satterwhite reasserted the same claims and added claims for false imprisonment and intentional infliction of emotional distress. A third amended petition filed a few months later added the City of Wharton and its police chief, Timothy Guin, as new defendants and asserted claims against the City, Guin, and Smith under 42 U.S.C. § 1983 for violations of federal constitutional rights. In December 2012, the City of Wharton, Smith, and Guin removed under 28 U.S.C. §§ 1334 and 1452.

By that point, both Guerreros had filed for bankruptcy protection in the Bankruptcy Court of the U.S. District for the Southern District of Texas. *See* No. 12-35341-H2-7, *In re Larry Mottu Gurrero*; No. 12-37082-H5-13, *In re Larry Robert Guerrero and Heather Lynn Guerrero*. Both cases were before Judge David Jones.

In January 2013, Satterwhite filed a $25,000 proof of claim in Larry Mottu Guerrero's bankruptcy case, arising out a judgment against "Larry Guerrero" that Satterwhite had purchased from a third-party creditor. Satterwhite also filed a proof of claim for $500,000, based on the claims he had asserted against Larry Mottu Guerrero in his state-court litigation. Satterwhite attached to this proof of claim a copy of the complaint he had filed in the removed state-court case. Satterwhite's removed state court-case was handled in the Bankruptcy Court as a related-to case under 28 U.S.C. §§ 1334 and 1452 and 28 U.S.C. § 157(c). Larry Mottu Guerrero objected to the $500,000 proof of claim, Satterwhite filed a notice of withdrawal of the claim, but later rescinded the withdrawal. In June 2013, Larry Mottu Guerrero withdrew his objection after Satterwhite filed an amended petition in the state-court litigation.

Also in January 2013, Satterwhite filed a $25,000 proof of claim in Larry Robert Guerrero's pending chapter 13 case. This claim arose out of the same judgment against "Larry Guerrero" that

2

formed the basis of Satterwhite's claim against Larry Mottu Guerrero.  The Bankruptcy Court stated that Satterwhite's proof of claim was fraudulent and potentially violated Title 18.  Satterwhite filed a second proof of claim in Larry Robert Guerrero's case in the amount of $500,000, just as he did in Larry Mottu Guerrero's case.  In March 2013, the Bankruptcy Court approved an agreed order Satterwhite and counsel for Larry Robert Guerrero signed, disallowing the $500,000 proof of claim.

In January 2013, Satterwhite moved to abstain and/or remand the removed case to state court.  Satterwhite did not raise any procedural defect in removal, including noncompliance with the unanimity of consent rule, as a basis for remand until April 25, 2013.  At a hearing held on that date, Judge Jones denied Satterwhite's motions, finding that the court had jurisdiction and that there was no basis for mandatory or discretionary abstention or for remand.  Satterwhite has appealed that ruling.

In March 2013, the Bankruptcy Court ruled on the objection Larry Robert Guerrero had filed to Satterwhite's proof of claim based on the same facts and causes of action Satterwhite had asserted against Guerrero in the removed state-court case.  Satterwhite's claim had been disallowed by an Agreed Order entered on March 29, 2013.  Although Satterwhite did not appeal the Agreed Order, he refused to sign a stipulation dismissing the same claim he had asserted against Guerrero in the adversary proceeding.  Guerrero was required to file and pursue a motion to dismiss the claim against him based on the agreed disallowance of that claim.  The Bankruptcy Court granted the dismissal motion and ordered Satterwhite to pay the reasonable fees Guerrero had incurred in having to obtain the dismissal.  Satterwhite has appealed the order of dismissal and sanctions.

The City of Wharton, Guin, and Smith filed motions to dismiss Satterwhite's claims against them.  On July 3, 2013, the Bankruptcy Court granted the motions in part, dismissing Satterwhite's state-law causes of action against the City of Wharton; dismissing his state-law causes of action

3

against Smith and Guin in their official capacities, under § 101.106 of the Texas Tort Claims Act; and dismissing the 42 U.S.C § 1983 causes of action, but allowing Satterwhite until July 31, 2013 to file an amended complaint.

Satterwhite did not amend within the deadline.  The City of Wharton filed a second Motion to Dismiss, noting the failure.  On August 13, 2013, the Bankruptcy Court dismissed with prejudice Satterwhite's 42 U.S.C § 1983 causes of action against the City of Wharton, for failure to state a claim and for failure to amend.  Because no claims remained against the City, the Bankruptcy Court dismissed all claims against the City with prejudice.  In September 2013, the court dismissed the federal claims against Smith and Guin, ending the claims as to them.  Satterwhite has appealed these rulings.

Satterwhite moved in August 2013 to dismiss the adversary proceeding for lack of jurisdiction.  The Bankruptcy Court denied the motion and Satterwhite's related requests to remand, vacate all orders, and for fees.  The Bankruptcy Court did remand the claims against Cruz to the state court.  As a result, the state and federal claims against the remaining defendants were dismissed, with prejudice, in the Bankruptcy Court.

The appeals, now consolidated, present the following issues:

- Did the Bankruptcy Court err in finding that it had jurisdiction, denying Satterwhite's motion to remand, and denying his motion to abstain?

- Did the Bankruptcy Court err in dismissing the claims against Larry Robert Guerrero and imposing sanctions for Satterwhite's refusal to stipulate to dismiss his causes of action against Guerrero in the adversary proceeding after he agreed to disallow the claim he filed against Guerrero based on the same facts and law?

This court heard argument on the issues at a hearing held on January 24, 2014.  The hearing in part addressed Satterwhite's efforts to stop the enforcement of the sanctions order obtained by

Larry Robert Guerrero.   After hearing from Satterwhite and all counsel, this court denied Satterwhite's motion to abate proceedings and to set aside "ex parte" orders.  The court ordered the defendants to file a motion to consolidate the appeals under Civil Action No. 13-1325.  Satterwhite filed a brief in support of his appeal; Guerrero responded; the City of Wharton, Smith, and Guin responded; and Satterwhite replied.  (Docket Entries No. 41, 42, 43, and 44).

The arguments and responses are examined below.

## I.      Jurisdiction, Remand, and Abstention

This case was removed from the state court on December 24, 2012, within 30 days after Satterwhite filed his third-amended petition asserting federal constitutional claims.  The newly added defendants, the City of Wharton and Guin, its police chief, and Smith, a City of Wharton police officer, filed the notice of removal.[1]  The removing defendants did not obtain the consent of the other defendants at that time.

Satterwhite, through counsel, filed a motion to remand within 30 days, on January 23, 2013. He limited his arguments for remand to discretionary abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b).  Both the Wharton Defendants and the Guerrero Defendants responded, opposing remand or abstention.  It was not until the Bankruptcy Court held a hearing on the motion in April 2013 that Satterwhite argued that remand was required because not all the defendants filed written consents to removal under § 1446.  Judge Jones denied the motion.

The failure to obtain the Guerreros' and Cruz's consent to removal did not require remand.

---

[1]  This Memorandum and Opinion refers to the City of Wharton, Smith, and Guin collectively as the "Wharton Defendants."

This case was removed under 28 U.S.C. § 1452 as well as § 1441.[2]  Section 1452 provides for the removal of bankruptcy cases when the federal court would have original jurisdiction under 28 U.S.C. § 1334(b), which in turn provides federal courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  *Id.*  When removal is under § 1452, some courts have held that the consent of all removing parties is not required.  *See, e.g.*, *California Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004).  The Fifth Circuit has not addressed whether coparty consent is required to remove a case under § 1452.  District courts in this circuit have reached different conclusions.  *Compare Orion Ref. Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 484 (E.D. La. 2004) (requiring consent of codefendants under § 1452), *with Sommers v. Abshire,* 186 B.R. 407 (E.D. Tex. 1995) (consent not required in cases removed under § 1452); *LSREF2 Baron, LLC v. Aguilar*, No. 12-cv-1242, 2013 WL 230381, at *1 n.2 (N.D. Tex. Jan. 18, 2013).  This court need not resolve the issue, because even if the Wharton Defendants' failure to obtain the Guerreros' and Cruz's consent could have made a difference during the first 30 days after removal, it did not matter when Satterwhite raised it.

If a defendant's failure to consent to removal filed by another defendant is a removal defect, it is statutory, not jurisdictional.  *See, e.g.*, *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) ("The failure of all the defendants to join in the removal petition is not a jurisdictional

---

[2]  28 U.S.C. § 1452(a) states as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

*See also* 28 U.S.C. § 1334 (granting jurisdiction over cases under Title 11 to the district courts).

defect."); *cf. McMahon v. Bunn–O–Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) (recognizing that "any defect in the removal process other than lack of subject-matter jurisdiction must be raised within 30 days or is forfeited"). Satterwhite failed to raise the allegedly defective removal in his initial motion to remand. When he finally did so, it was well beyond 30 days after remand. He has forfeited this objection.

The argument against related-to jurisdiction at the time of removal is similarly unpersuasive. Related-to jurisdiction is present in a proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Bass v. Denney* (*In re Bass*), 171 F.3d 1016, 1022 (5th Cir. 1999). When Satterwhite amended in state court to add the federal claims against the City of Wharton, Guin, and Smith, both Larry Mottu Guerrero and Larry Robert Guerrero had bankruptcy cases pending in the Southern District of Texas. Shortly after removal, on January 29, 2013, Satterwhite filed proofs of claim, including proofs of claim against the Guerreros in the state-court litigation. His proofs of claim sought $500,000 against each of the Guerreros, based on the causes of action he had asserted in the state court petition that were removed to federal court. Given his own filings, the resolution of the proofs of claim could conceivably had an effect on the bankruptcy estates and impacted their handling and administration. *See Fire Eagle, LLC v. Bischoff* (*In re Spillman Dev. Grp., Ltd.*), 710 F.3d 299, 304 (5th Cir. 2013). This court finds no error in the Bankruptcy Court's determination that it at least had related-to jurisdiction over the removed case.

Nor does this court find error in the Bankruptcy Court's denial of the motion for abstention. The Fifth Circuit has held that mandatory abstention applies when (1) the claims have no independent basis for federal jurisdiction other than § 1334(b), (2) the claims are noncore, (3) an action has been commenced in state court, and (4) the action can be adjudicated timely in state court. *Schuster v. Mims* (*In re Rupp & Bowman Co.*), 109 F.3d 237, 239 (5th Cir. 1997). When Satterwhite's motion

7

to remand or for abstention was filed and heard, there was an independent basis for federal-removal jurisdiction, because Satterwhite had asserted federal-law claims against three of the defendants. Mandatory abstention did not apply.

The considerations for permissive abstention and equitable remand include:  "(1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result."  *See Regal Row Fina, Inc. v. Wash. Mut. Bank*, No. 04-cv-1033, 2004 WL 2826817, at *8 n.7 (N.D. Tex. Dec. 9, 2004) (citing *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984)).  The Bankruptcy Court did not err in finding that these reasons did not require abstention or remand.  There was no bifurcation by removal, the state-law claims were not novel nor particularly difficult, and the other factors of convenience and comity weighed heavily in favor of keeping the case in the federal court while the bankruptcy proceedings and the federal-law claims were litigated.

The Bankruptcy Court had jurisdiction and did not err in declining to remand or abstain.

## II.    Dismissal of the Wharton Defendants

In July 2013, the Bankruptcy Court properly dismissed the federal-law claims against the City of Wharton as deficiently pleaded, but allowed Satterwhite to amend.  The City moved to dismiss when he failed to do so within the deadline.  In August 2013, the Bankruptcy Court granted the motion, dismissing the claims against the City with prejudice.  In September 2013, the Bankruptcy Court also dismissed the § 1983 claims against Smith and Guin and dismissed the state-law claims asserted against them under the Texas Tort Claims Act, § 101.106.  Those claims have been

dismissed since September 2013.  Satterwhite did not raise the dismissal of the claims against the Wharton Defendants in his brief, (Docket Entry No. 41), other than the arguments he has made as to jurisdiction, abstention, and remand.  The record discloses no basis to find error in the dismissal of the claims against the Wharton Defendants.

### III.    Dismissal of the Claims Against Larry Robert Guerrero and Sanctions

Satterwhite does not dispute that he signed an agreed order to disallow the claim he had filed against Larry Robert Guerrero in the Bankruptcy Court.  Nor does he dispute that he refused to stipulate to the dismissal of the same claim against Guerrero that he had agreed to disallow in the proof of claim.

Satterwhite contends that he was "fraudulently induced" into signing the agreed order to disallow the claim because he wrongly believed that the lawyers for Guerrero were "only bankruptcy attorneys and would not represent . . . Guerrero in [the] civil action issues."  (Docket Entry No. 41 at 17–18).  Satterwhite also contends that Judge Jones "intimidated" him by telling him that he was filing documents incorrectly (which he was, and has continued to do in this court), and that was part of the reason he agreed to disallow his proof of claim against Larry Robert Guerrero.  (*Id.* at 18).  The arguments are frivolous.  Satterwhite has presented no reasonable or good-faith basis for refusing to stipulate to the dismissal of his claim against Guerrero after agreeing to and signing an order to disallow the identical claim.  Satterwhite does not challenge the amount of attorney's fees—$2,240—imposed by way of sanction.  There is no basis to find error on the part of the Bankruptcy Court.[3]

---

[3] Satterwhite briefly argues that the Bankruptcy Court's "ex parte" order authorizing the seizure of his exempt property violated his procedural due process rights.  Satterwhite's opening brief merely stated that the order "constitutes a violation of [his] right to procedural due process."  (Docket Entry No. 41 at 19).  He provided no factual or legal support for this contention.  By failing to provide any legal or factual basis in his opening brief, he has waived the issue.  *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993)

IV.    **Conclusion**

The orders of the Bankruptcy Court are affirmed.  This appeal is dismissed, with prejudice.

SIGNED on March 18, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))); *Sylvester v. Cain*, 311 F. App'x. 733, 735 (5th Cir. 2009) (per curiam) (unpublished) ("[A]lthough pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. [Defendant] may not incorporate by reference the arguments that he made in his district court pleadings." (internal citations omitted)).

Satterwhite would not be entitled to relief if he had properly presented the issue.  As noted, the Bankruptcy Court did not err by sanctioning Satterwhite.  The sanctions were not a money judgment for which a party is prohibited from seizing exempt property to satisfy; so, any argument that Satterwhite's exempt assets could not be seized is meritless.  *See Faulkner v. Kornman*, No. 10-301, 2012 WL 864574, at *2-3 (Bankr. S.D. Tex. Mar. 13, 2012) (collecting cases).  The record supports the ex-parte nature of the motion. Satterwhite allegedly frustrated prior attempts to collect the debt by withdrawing funds from his bank account and refusing to deliver documents to assist the receiver's collection efforts.  Furthermore, the assets were seized and not sold.  Satterwhite has since had an opportunity to contest the receiver's right to their possession.  There was no procedural due process violation.